TEXAS CITY TERMINAL CO. v. McGEE.
(No. 7462.)

(Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1918.)

1. RAILROADS ☞411(15) — INJURIES TO ANIMALS RUNNING AT LARGE—LIABILITY.

Where plaintiff's horse was running at large within the corporate limits of a town, as fixed by the county surveyor, contrary to the ordinance of such town, defendant, not being required to fence within corporate limits, would not be liable, unless the horse was killed because of the negligence of its servants operating the motorcar.

2. TRIAL ☞251(3) — MISLEADING INSTRUCTIONS.

In suit against defendant to recover for a horse killed by its motorcar within city limits, an instruction submitting question whether city was incorporated as required by law, an issue not raised, was misleading.

3. APPEAL AND ERROR ☞1066—SUBMITTING ISSUE NOT IN CONTROVERSY—HARMLESS ERROR.

In suit against defendant to recover for a horse killed by its motorcar within city limits, submitting question whether city was incorporated as required by law, an issue not raised, cannot be held harmless, where it cannot be said that it did not improperly influence jury and produce an erroneous result.

Error from Galveston County Court; George E. Mann, Judge.

Suit by J. T. McGee against the Texas City Terminal Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. T. Armstrong and Eugene A. Wilson, both of Galveston, for plaintiff in error. Beason & McCarver, of Texas City, and W. N. Campbell, of Galveston, for defendant in error.

PLEASANTS, C. J. This suit was brought by J. T. McGee against the Texas City Terminal Company to recover the sum of $125, the alleged value of a horse owned by plaintiff and which was killed by a motorcar operated by the defendant company. In answer to plaintiff's suit, defendant, in addition to a general denial, pleaded:

"That if the animal was struck and killed, it was running at large in the city limits of Texas City at the time, and being unlawfully permitted to so run at large by the owner thereof, in violation of the ordinances of the city of Texas City duly enacted by that body and in force at that time. Wherefore the defendant says that the owner of the said animal was guilty of contributory negligence in permitting the animal to roam at large at the time and place where it was struck. Further answering, the defendant alleges that, if the animal that was struck and killed belonged to the plaintiff in this case, it was struck and killed at a place where the defendant, the Texas City Terminal Company, is not permitted and is not required by law to fence its track."

Defendant in error, J. T. McGee, replied as follows:

"As an answer to the defendant's answer to our case, or as a counter reply to it, we deny each and every of the allegations contained in this, and say that the place where the horse was killed was not within the city limits of Texas City, in the corporate city limits of Texas City, and that it was not at a place where the railroad company is not required to fence its property, but at a place where the railroad is permitted to fence its property, and not within the switch limits of the Texas City Terminal Company, as pleaded by defendant."

Upon a trial in the justice court judgment was rendered in favor of plaintiff for $100. On appeal and trial de novo in the county court, the plaintiff obtained a judgment for $125.

[1] The evidence shows that plaintiff's horse was struck and killed by a motorcar operated by the defendant company over its railway lines in the town of Texas City. The animal came on the track a short distance in front of the car, which was coming into the town. The point on defendant's track at which the accident occurred was within the corporate limits of the town of Texas City as fixed by the county surveyor of Galveston county, who testified that the survey fixing the original boundaries for said city was made under his direction. The board of commissioners for Texas City had passed an ordinance, which was in effect at the time plaintiff's horse was killed, making it unlawful for the owner of any horse or stock of any kind to permit such animals to run at large within the corporate limits of Texas City, and fixing a penalty against the owner for the violation of the ordinance. Plaintiff's horse was running at large at the time it was killed, having been turned out on the commons near the town by plaintiff. Upon this state of the evidence, the defendant, not being required to fence its track at the place where the animal was killed, would not be liable, unless the killing was caused by the negligence of the defendant's employés operating the motorcar.

[2, 3] This rule of law was recognized and applied by the trial court in his main charge to the jury, but at the request of plaintiff the court gave the following special charge:

"You are instructed that, before you can find for the defendant upon the one issue as to whether or not the horse was killed within the city limits of Texas City, you must find from the evidence that the city of Texas City was, at the time said horse was alleged to have been killed, an incorporated city or town, duly incorporated under the laws of the state of Texas."

Under proper assignments plaintiff in error complains of this charge, on the ground that it submitted an issue not raised by the evidence and was calculated to confuse and mislead the jury. We think this is a valid objection to the charge. In cases in which, from the state of the evidence upon other issues submitted, it would be unreasonable to presume that the jury determined the case upon an issue not raised by the evidence, the submission of such an issue has been and should be held harmless error; but in this case, while we are inclined to think the evi-

dence of negligence on the part of operatives of the motorcar is sufficient to raise that issue, the evidence to the contrary is so preponderating that we cannot say that the charge complained of was not calculated to have improperly influenced the jury and produced an erroneous verdict.

Defendant in the court below did not show the petition, election, nor order of the commissioners' court of Galveston county incorporating the town of Texas City, and the record shows that plaintiff's contention was that, in the absence of such evidence, it was for the jury to determine whether or not said town was legally incorporated, and unless the jury should so find the defense that the animal was killed in the corporate limits of a town, where the defendant was not required to fence its track, was not available. The undisputed evidence shows that the town of Texas City was at least a de facto municipal corporation. The corporate limits of the town had been surveyed and established. It had a municipal government, which was exercising all the authority of the governing bodies of incorporated towns. The ordinances passed by the board of commissioners for the town were introduced in evidence. The question of the legality of the proceedings by which the town was incorporated was not raised by any pleading or evidence, and we understand the law to be that such question cannot be raised by a collateral attack, but only in a quo warranto proceeding brought in the name of the state.

For the error of the trial court in giving the special instruction before set out, the judgment is reversed, and the cause remanded.

Reversed and remanded.